UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARLTON WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES WYNN, et al. ) <br> ) <br> Defendants. ) | No. 2:20-cv-00062-JMS-DLP |

**Order Denying Defendants' Partial Motion to Dismiss**

On February 4, 2020, plaintiff Carlton Wright filed this 42 U.S.C. § 1983 action alleging that his housing in administrative segregation at Wabash Valley Correctional Facility (WVCF) between March 23, 2012, and March of 2019 violated his Eighth and Fourteenth Amendment rights. The defendants have filed a partial motion to dismiss, alleging that any claims based on alleged conduct that took place prior to February 3, 2018, should be dismissed because they are barred by the applicable statute of limitations.

### I.  Legal Standard

The defendants seek relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but "the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020); *see also Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012) (stating, "we have repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the complaint."); *cf. Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (example of pragmatic exception where complaint unambiguously set forth dates establishing statute-of-limitations defense). "Observing the distinction is necessary to

1

allocate correctly the burdens of pleading and proof." *H.A.L. N.Y. Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). Accordingly, the Court construes the defendants' motion as one under Rule 12(c), and the defendants bear "the burden of showing that the allegations of the complaint and an answer showed that an affirmative defense conclusively" defeat Mr. Wright's older claims as a matter of law. *Gunn*, 968 F.3d at 807.

In considering the motion, Mr. Wright's factual allegations are accepted as true and given the benefit of all reasonable inferences. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The Court "may also take judicial notice of matters of public record and consider documents incorporated by reference in the pleadings." *Id.*

## II.     Discussion

Mr. Wright was placed on administrative segregation in WVCF from about March 23, 2012, through early March 2019, a period of approximately seven years.

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted). The defendants argue that because the statute of limitations for federal claims is two years, any claims based on alleged actions occurring prior to February 3, 2018—two years prior to the filing of the complaint—are barred.

Mr. Wright argues that the older claims are not barred due to the doctrine of continuing harm/continuing violation. As the Seventh Circuit recently explained,

> The continuing violation doctrine … is aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongdoing as a means of running out the limitations clock on a course of misconduct that persisted over time; the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming an action timely so long as the last act evidencing a defendant's violation falls within the limitations

> period. … Thus, where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete.

*United States v. Spectrum Brands*, 924 F.3d 337, 350 (7th Cir. 2019) (internal citations omitted). "A violation is continuing where it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). For a continuing harm, the statute of limitations begins to run on the last occurrence of the harm. *Id.*

Mr. Wright relies on *Johnston v. Wetzel*, a factually similar case involving a Pennsylvania inmate who alleged Fourteenth Amendment and Eighth Amendment violations due to his seventeen-year confinement in solitary confinement. 431 F. Supp. 3d. 666 (W.D. Penn. 2019). The district court held that the continuing violation doctrine applied to Mr. Johnston's claims, because "Johnston has not alleged a series of distinct wrongs but rather he has claimed that Defendants' conduct is part of a continuing seventeen-year practice of unconstitutionally restricting him to solitary confinement." *Id.* at 676.

Mr. Wright raises due process and Eighth Amendment claims. The statute of limitations for each claim will be discussed separately.

**A. Due Process Claim**

Mr. Wright alleges that the defendants violated his due process rights by keeping him continuously housed in solitary confinement for nearly seven years without providing meaningful review. "The Supreme Court held in *Hewitt* [*v. Helms*, 459 U.S. 460 (1983)] that the Due Process Clause mandates that prison officials periodically review whether an inmate placed in administrative segregation continues to pose a threat." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). Inmates placed in solitary confinement are entitled to "an informal and nonadversary

3

periodic review (the frequency of which is committed to the discretion of the prison officials) that keeps administrative segregation from becoming a pretext for indefinite confinement." *Id.* at 525 (internal quotation omitted).

The defendants argue that the continuing violation doctrine does not apply to the Fourteenth Amendment due process claim. They rely on Mr. Wright's allegation in his complaint that the defendants' 30-day reviews of his placement in segregation were not meaningful. Dkt. 16 at 2–3, citing dkt. 1 at ¶ 6. The defendants argue that "each non-meaningful review was a separate and individual 'wrong' that allegedly deprived Plaintiff of his right to due process." Dkt. 16 at 2, citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

In *National Railroad,* the Supreme Court discussed the circumstances in which a plaintiff alleging employment discrimination under Title VII of the Civil Rights Act could file suit based on events that fall outside the relevant statutory time period. *Id.* at 105. The Court first held that a suit must be brought within the applicable limitation period for each "discrete discriminatory act." *Id.* at 114–15. It reasoned "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. However, allegations related to a hostile work environment were different because "[t]heir very nature involves repeated conduct. …The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* at 115. Accordingly, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

The defendants suggest that the continuing violation doctrine does not apply because each allegedly perfunctory 30-day review constituted an actionable wrong, similar to the discriminatory acts in *National Railroad* such as a failure to promote or refusal to hire. But the Court finds this interpretation of Mr. Wright's claims to be too narrow. First, the defendants argument requires the conclusion that the Constitution guarantees Mr. Wright a meaningful review every thirty days such that he should have filed a federal lawsuit each time he received a perfunctory review. However, the frequency of the required review has not been established in this case. If there is no constitutional requirement for a thirty-day review, it would be unreasonable to require Mr. Wright to sue after each thirty-day review, even if such review was a sham. *Turley*, 729 F.3d at 651. Second, Mr. Wright is arguing that the defendants failed to afford him due process over the course of a seven-year period and cites to the 30-days reviews as evidence that he was not receiving meaningful review over this time period. Accordingly, as the Court cannot determine that each 30-day review was actionable on the pleadings alone, and Mr. Wright alleges that his due process rights were continuously violated over the course of seven years, the defendants have not met their burden that Mr. Wright's due process claims for acts prior to February 3, 2018, are barred by the statute of limitations.

### B. Eighth Amendment Claim

Next, the defendants argue that Mr. Wright's Eighth Amendment conditions-of-confinement claim are subject to the two-year statute of limitations. They do not argue that this type of claim does not fall within the continuing violation doctrine.[1] Rather, they state—without

---

[1] The defendants rely on a footnote in this Court's Order in *Isby-Israel v. Wynn, et al.*, No. 2:12-cv-001116-JMS-MJD, dkt. 274 at 4, n. 4, in which the Court said it would limit most of its discussion to the review procedures that were in place in the two-year period preceding the filing of the suit in light of the statute of limitations. However, whether the continuing violation doctrine applied to Mr. Isby's case was not argued to the Court.

5

citation to any case law—that Mr. Wright "was not required, nor should he be encouraged, to wait in silence in allegedly inhumane conditions for the duration of a custody period he believes is unconstitutional." Dkt. 16 at 3.

Mr. Wright's Eighth Amendment conditions-of-confinement claims are similar to the hostile work environment claim described in *National Railroad* in that a single occurrence of an unsuitable condition in his cell would not even be actionable on its own. Whether prolonged confinement constitutes an Eighth Amendment violation depends both "on the duration and the nature of the segregation." *Isby*, 856 F.3d at 521 (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012)). Accordingly, Mr. Wright's Eighth Amendment claims fall within the continuing violation doctrine and are not barred by the statute of limitations.

### III. Conclusion

For the foregoing reasons, the defendants' partial motion to dismiss, dkt. [12], which the Court construes as a motion for partial judgment on the pleadings under Federal Rule 12(c), is **denied**.

**IT IS SO ORDERED.**

Date: 9/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com